

SO ORDERED,

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD WAYNE HUGHES, | ) | Case No.:   17-12881-JDW |
| | ) | |
| DEBTOR. | ) | Chapter   7 |

| | | |
|---|---|---|
| JACOB SWEENEY, | ) | |
| | ) | |
| PLAINTIFF. | ) | |
| | ) | |
| v. | ) | A.P. No.:   17-01057-JDW |
| | ) | |
| RICHARD WAYNE HUGHES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (A.P. DKT. # 21)

This adversary proceeding is before the Court for consideration of the

Motion for Summary Judgment, brief, and evidentiary submission (A.P. Dkt.

1

# 21)[1] (collectively, the "Motion") filed by plaintiff Jacob Sweeney ("Plaintiff")

in this adversary proceeding against the debtor-defendant Richard Wayne

Hughes (the "Debtor").  The Debtor did not file a response to the Motion.

The Debtor stabbed the Plaintiff in 2013.  The Plaintiff is seeking a

determination that the consequential claim he holds against the Debtor is

nondischargeable as a willful and malicious injury under § 523(a)(6) of the

Bankruptcy Code.[2]  No hearing on the Motion is necessary.  The Court has

considered the pleadings, evidence, brief, applicable law, and the lack of a

defense raised by the Debtor, and finds and concludes that the Motion is due

to be granted.

## I.    JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 151, 157(a) and

1334(b), the United States District Court for the Northern District of

Mississippi's *Order of Reference of Bankruptcy Cases and Proceedings Nunc*

*Pro Tunc* dated August 6, 1984.  This is a core proceeding arising under Title

11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A), (I), and

(O).

---

[1] Citations to the main bankruptcy docket are to "Bankr. Dkt. # ____," and citations to the adversary proceeding docket will be to "A.P. Dkt. # ____."

[2] All statutory citations in this order are to Title 11, United States Code (the "Bankruptcy Code"), unless other noted.

## II.    SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting former FED. R. CIV. P. 56(c)); *see also* FED. R. CIV. P. 56(c)(1).[3]  The party seeking summary judgment bears the burden of demonstrating to the court the absence of a genuine issue of material fact.  *Id.* at 323.  "As to materiality, the Supreme Court has stated that '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  All reasonable doubt as to the existence of a genuine issue of material fact "must be resolved against the moving party."  *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980) (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

Rule 56 further provides:

---

[3] Federal Rule of Bankruptcy Procedure 7056 incorporates without modification Rule 56 of the Federal Rules of Civil Procedure.

> (e) If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> . . . .
>> (2) consider the fact undisputed for purposes of the motion;
>> (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it;
>
> . . . .

FED. R. CIV. P. 56(e).

In this adversary proceeding, the Debtor has failed to respond to the Motion.  The Court may therefore deem all facts presented by the Plaintiff as undisputed.  *Id.; see also* MISS. BANKR. L.R. 7056-1(1)(B) (non-movant shall file a responsive list of disputed material facts with supporting evidence).  Nevertheless, the Court must still consider the reliability, propriety and relevance of the evidence submitted by the Plaintiff.  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

The Debtor's failure to respond to the Motion does not shift the initial burden from the Plaintiff to prove that there is no genuine issue of material fact.  "[T]he party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,'… If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."  *Id.* at 1075 (citing *Celotex*, 477 U.S. at 323).  The

4

Plaintiff has submitted sufficient evidence in this adversary proceeding to support the following factual findings.

### III.   FINDINGS OF FACT

In April 2013, following a verbal altercation, the Debtor stabbed the Plaintiff in the left side of his abdomen with a knife.  This caused a 3-inch laceration in the Plaintiff's liver and internal bleeding that required surgery.  The Debtor previously testified in a deposition that he knew at the time of the stabbing that the Plaintiff could have been fatally wounded and that his knife was sharp.

In March 2015, the Plaintiff filed a Complaint for Damages against the Debtor in the Superior Court of Hendricks County, Indiana (the "State Court Action") seeking damages related to the incident.  On June 9, 2017, the state court entered summary judgment against the Debtor as to liability (the "Judgment of Liability"), based on the Debtor's prior admission in juvenile court proceedings that he intentionally stabbed the Plaintiff with a knife.  In the juvenile court proceedings, the Debtor admitted to committing aggravated battery (a class B felony) and battery causing serious bodily injury (a class C felony).

A jury trial to determine damages was scheduled for Monday, August 7, 2017, but was stayed by the filing of the Debtor's bankruptcy petition on

August 4, 2017 (Bankr. Dkt. # 1).  Accordingly, the Plaintiff's claim has not

yet been liquidated.[4]

## IV.  CONCLUSIONS OF LAW

In order for the Court to conclude that any debt owed to the Plaintiff by

the Debtor is nondischargeable, the Plaintiff must first show that he holds a

valid claim against the Debtor.  *Ohio Casualty Insurance Co. v. Hryhorchuck*

*(In re Hryhorchuk)*, 211 B.R. 647, 650 (Bankr. W.D.Tenn. 1997) (citing

*Grogan v. Garner,* 498 U.S. 279, 282 (1991)).  Then, the Plaintiff must

demonstrate how and why that claim is nondischargeable under the

Bankruptcy Code.  *Id.*  As explained by the Supreme Court in *Grogan*, "[t]he

validity of a creditor's claim is determined by rules of state law.  Since 1970,

however, the issue of nondischargeability has been a matter of federal law

governed by the terms of the Bankruptcy Code."  *Grogan,* 498 U.S. at 283-84

(internal citations omitted).

### A.  The Plaintiff Holds a Valid Claim.

The Plaintiff easily clears the first hurdle.  The Debtor admits in his

bankruptcy schedules that the Plaintiff holds a claim (although he

characterizes the claim as "disputed.") (Bankr. Dkt. # 1, Sch. D).  The

---

[4] This Court is not the appropriate forum to liquidate a personal injury claim.  28 U.S.C. §
157(b)(2)(O) and (b)(5).  Because the claim has not yet been liquidated, the Plaintiff is
seeking (1) a determination that the obligation created by the Debtor's conduct during the
incident is nondischargeable under § 523(a)(6), and (2) permission to proceed with the
damages portion of the trial in Indiana state court, where both the Plaintiff and other
potential witnesses reside.

Judgment of Liability conclusively establishes that the Debtor is liable to the

Plaintiff.   The unliquidated nature of the damages does not mean that the

Plaintiff has no claim against the Debtor and his bankruptcy estate.   11

U.S.C. § 101(5)(A).

### B.  The Claim is Nondischargeable under 11 U.S.C. § 523(a)(6).

Having concluded that the Plaintiff holds a valid claim, the Court must

next determine whether that claim is dischargeable.   Section 523(a)(6) of the

Bankruptcy Code provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or
> 1328(b) of this title does not discharge an individual debtor
> from any debt—
>
>    .    .    .    .
>
> (6) for willful and malicious injury by the debtor to
> another entity or to the property of another entity;

11 U.S.C. § 523(a)(6).

In determining whether or not a debt arises from "willful and malicious

injury," the United States Supreme Court has held that subsection (a)(6)

applies to "acts done with the actual intent to cause injury," and does not

except from discharge debts arising only from negligently or recklessly

inflicted injuries. *Kawaauhau v. Geiger*, 523 U.S. 57, 59 (1998).

Applying the Supreme Court's guidelines in *Kawaauhau*, the U.S.

Court of Appeals for the Fifth Circuit has held that "for a debt to be

nondischargeable, a debtor must have acted with 'objective substantial

7

certainty or subjective motive' to inflict injury." *Williams v. International Brotherhood of Electrical Workers Local 520 (In re Williams)*, 337 F.3d 504, 508 (5th Cir. 2003) (citing *Miller v. J.D. Abrams, Inc. (In re Miller)*, 156 F.3d 598, 603 (5th Cir. 1998)).

"Kawaauhau held that a willful injury, in this context, is a '*deliberate or intentional injury,* not merely a *deliberate or intentional act* that leads to injury.'" *Shcolnik v. Rapid Settlements, Ltd. (In re Shcolnik)*, 670 F.3d 624, 629 (5th Cir. 2012) (emphasis in original). The Fifth Circuit has held that this intent may be found where a defendant acted with "either an objective substantial certainty of harm or a subjective motive to cause harm." *Miller*, 156 F.3d at 606.

The Debtor's intentional stabbing of the Plaintiff in the abdomen with a sharp knife was objectively certain to injure the Plaintiff and also reflects the Debtor's subjective motive to cause injury to the Plaintiff. The evidence in this case is clear that the Debtor knew what he was doing when he grabbed the knife and stabbed the Plaintiff. Accordingly, the Court finds that the Debtor knew with objective substantial certainty that his actions would inflict harm, because the Debtor knew that stabbing the Plaintiff would cause him serious bodily injury.

Federal law, rather than state law, governs the definition of "malicious" in § 523(a)(6). *Miller*, 156 F.3d at 604. Although there is a divide among the

8

Circuit Courts of Appeal[5] in interpreting the meaning of "malicious" following *Kawaauhau*, the Fifth Circuit has aggregated the terms "willful and malicious," creating a single standard that an injury is "'willful and malicious' where there is either an objective substantial certainty of harm or a subjective motive to cause harm." *Id.* at 606. Thus, for the same reasons the Court holds the Debtor's actions to be willful, the Court also holds that the Debtor's actions were malicious.

## V.   CONCLUSION

Summary judgment is appropriate when, after examination of all evidence presented, the Court concludes that no genuine issue of material fact exists and the movant is entitled to summary judgment as a matter of law. *Celotex*, 477 U.S. at 322. Evidence must viewed in a light most favorable to the non-moving party. *Id.* The Plaintiff has met his burden, proving both that no issue of material fact remains in this case, and that he is entitled to judgment as a matter of law on nondischargeability under § 523(a)(6). The Plaintiff holds a valid claim against the Debtor in an unliquidated amount to be determined at trial in Indiana state court. Further, the Debtor's actions in stabbing the Plaintiff were undertaken with both an objective substantial certainty of causing injury and a subjective

---

[5] *See, e.g., In re Su*, 290 F.3d 1140, 1144 (9th Cir. 2002); *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001); *In re Markowitz,* 190 F.3d 455, 465 n. 10 (6th Cir.1999); *In re Scarborough*, 171 F.3d 638, 641 (8th Cir. 1999).

motive to cause harm to the Plaintiff. Plaintiff's claim is therefore nondischargeable. Accordingly, it is hereby,

**ORDERED, ADJUDGED** and **DECREED** that the Motion is **GRANTED.** It is further **ORDERED** that the automatic stay imposed by § 362(a) is lifted to allow liquidation of the Plaintiff's claim in Indiana state court. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58, made applicable by Federal Rule of Bankruptcy Procedure 7058.

##END OF ORDER##